IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 51366

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: January 12, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MATTHEW STEVEN NUSS, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Lamont C. Berecz, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Matthew Steven Nuss appeals from his judgment of conviction for possession of a controlled substance. We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

An officer initiated a traffic stop based on Nuss's vehicle having an excessively loud muffler. While the officer conducted the traffic stop, he observed Nuss exhibiting behaviors indicative of a person under the influence. Among other behaviors, the officer observed Nuss profusely sweating, having rapid and shallow breathing, acting restless, talking rapidly, having darting eye movement, and moving around the vehicle. Based on these behaviors, the officer shifted his traffic stop inquiry to a driving under the influence (DUI) investigation. The officer

1

then called for backup in anticipation of conducting field sobriety tests. The officer asked Nuss to exit the vehicle, and when he did, he walked in an unnatural manner by side-stepping and moving backward while facing the officer. This behavior led the officer to believe Nuss was concealing something between his legs. The officer engaged Nuss in conversation while awaiting backup. During this period, the officer walked behind Nuss and observed an object wrapped in toilet paper. The object was later determined to contain over 100 fentanyl pills. Following the discovery of the pills, the officer abandoned the DUI investigation to focus on the possession of drugs investigation.

The State charged Nuss with felony possession of a controlled substance, felony destruction or concealment of evidence, misdemeanor possession of drug paraphernalia, and a persistent violator enhancement. Nuss filed a motion to suppress the contraband that was found, arguing that the officer lacked reasonable suspicion to extend the traffic stop. Following a hearing, the district court denied the motion. Thereafter, Nuss entered a conditional guilty plea to possession of a controlled substance (I.C. § 37-2732(c)(1)), at which time he reserved his right to appeal the denial of his motion to suppress. In exchange for his guilty plea, the State dismissed the remaining charges. Nuss appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Nuss asserts the district court erred in denying his motion to suppress. Specifically, Nuss argues the officer did not have reasonable suspicion to extend the traffic stop. The State responds

2

that the record and applicable law support the district court's denial of Nuss's motion to suppress. We hold that Nuss has failed to show the district court erred in denying his motion to suppress.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). In the traffic stop context, authority for a seizure ends when the tasks related to the stop are, or reasonably should have been, completed. *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). Tasks related to a traffic stop include addressing the traffic violation that precipitated the stop; determining whether to issue a traffic ticket; and making inquiries incident to the traffic stop, such as checking the driver's license, inspecting the vehicle's proof of insurance and registration, and conducting a criminal record check of the driver. *Rodriguez v. United States*, 575 U.S. 348, 354-55 (2015); *State v. Hale*, 168 Idaho 863, 867, 489 P.3d 450, 454 (2021). Officers may not deviate from the purpose of a traffic stop by investigating (or taking safety precautions incident to investigating) other crimes without reasonable suspicion. *See Rodriguez*, 575 U.S. at 356. The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

However, the justification for a motorist's detention is not permanently fixed at the moment the traffic stop is initiated. *State v. Wigginton*, 142 Idaho 180, 183, 125 P.3d 536, 539 (Ct. App. 2005). An officer's observations, general inquiries, and events succeeding the stop may--and often do--give rise to legitimate reasons for particularized lines of inquiry and further investigation by an officer. *State v. Myers*, 118 Idaho 608, 613, 798 P.2d 453, 458 (Ct. App. 1990). Furthermore, even without reasonable suspicion, officers may engage in lines of investigation unrelated to an

otherwise lawful traffic stop as long as doing so does not prolong the stop. *See Caballes*, 543 U.S. at 409 (holding that a dog sniff conducted during an otherwise lawful traffic stop does not violate the Fourth Amendment); *Hale*, 168 Idaho at 867, 489 P.3d at 454 (recognizing the officers may "conduct certain unrelated checks" during a traffic stop).

In this case, the district court found there was reasonable and articulable suspicion to support the officer's request that Nuss exit the vehicle to await officer backup to conduct field sobriety testing. Although Nuss was initially stopped for an excessively loud muffler violation, the district court found that, given the officer's "observations of [Nuss] combined with [the officer's] specialized training and experience, he . . . objectively had reasonable suspicion to investigate [Nuss] for DUI." The record shows the officer observed Nuss under the influence, including Nuss exhibiting "rapid and shallowing breathing, restlessness, fidgetiness, talking in a rapid fashion, eyes darting forward and back, [and] moving about the vehicle." This behavior, coupled with the unusual way Nuss exited his vehicle, caused the officer to believe Nuss to be under the influence. The district court found that the observations of Nuss appearing to be under the influence were sufficient to detain him for further investigation.

On appeal, Nuss does not challenge the district court's factual findings or the initial detention, conceding that the officer had reasonable suspicion to stop Nuss for the muffler violation. Nuss instead contends that the officer impermissibly prolonged the traffic stop without having the requisite reasonable suspicion to do so. According to Nuss, "the prolonging of the stop was unlawful because . . . the officer did not possess sufficient facts to support a reasonable suspicion that [Nuss] was under the influence of drugs." Nuss asserts that the evidence should have been suppressed. We disagree.

The record shows that the officer had not yet completed the purpose of the traffic stop when he witnessed some of the facts that gave rise to his suspicion that Nuss was impaired and under the influence. Specifically, the record shows that the officer observed Nuss appear to be under the influence in his vehicle, during and following the "mission" of the traffic stop. Further, once Nuss exited his vehicle the officer continued to observe unusual behavior from Nuss which gave rise to legitimate reasons for particularized further inquiry and investigation. The district court found that Nuss was "side-stepping" and "walk[ed] backwards while facing the officer," which the district court found supported a reasonable belief that Nuss was attempting to "hide something . . . in his

4

pants." Nuss, relying on *State v. Couch*, 169 Idaho 852, 862, 504 P.3d 388, 398 (Ct. App. 2021), argues that his behaviors were common to citizens confronted by law enforcement. Although *Couch* holds that demeanor is one factor that supports reasonable suspicion, a trial court properly considers all other information available to an officer. *Id*. Finally, Nuss argues that, even if the officer's observations in totality indicate a possibility of Nuss being under the influence, a mere possibility is not enough. The district court properly concluded that the officer's training and experience and specifically his certifications for drug recognition and advanced roadside impaired driving enforcement (coupled with Nuss's behaviors) were sufficient to support an objective and reasonable suspicion that Nuss was under the influence, making the officer's continued investigation constitutionally permissible. Nuss has failed to show the district court erred in denying his motion to suppress.

## IV.

## CONCLUSION

Based on the totality of the circumstances, the officer had reasonable and articulable suspicion to investigate Nuss for DUI following the initial traffic stop. We conclude that Nuss has failed to show error in the district court's denial of his motion to suppress. Accordingly, Nuss's judgment of conviction for possession of a controlled substance is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.